# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. MARKS, ) | 1:07-cv-00966-AWI-TAG HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | SHOW CAUSE MOTION, MOTION |
| v. ) | FOR EXPEDITED RULING, and MOTION |
| ) | TO SHOW CAUSE WHY WRIT HAS NOT |
| ) | ISSUED (Docs. 4, 9, 14) |
| JEFFREY A. WRIGLEY, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 27, 2007, Petitioner filed a show cause motion, in which he "demands" that the Court either summarily grant his writ or issue an order that Respondent show cause why the writ should not be granted. (Doc. 4). On October 4, 2007, after conducting a preliminary screening of the petition, the Court ordered Respondent to file a response. (Doc. 6). On December 19, 2007, Petitioner filed a motion requesting the Court to grant his petition for writ of habeas corpus forthwith. (Doc. 9). On January 24, 2008, Petitioner filed a motion to show cause, requesting the Court to "show cause" why a writ of habeas corpus has not been issued. (Doc. 14).

## **DISCUSSION**

Insofar as Petitioner's instant motions (Docs. 4, 9, and 14) request that the Court grant his petition for a writ of habeas corpus, the Court construes each of them as a motion to expedite a ruling on the merits. As Petitioner correctly states, the instant action is pending before this Court. However, the Court does not have an expedited calendar. Petitioner is advised that the Court acts to resolve all pending cases in the most efficient manner possible. The Court is aware of Petitioner's

pending petition. Nevertheless, the Court's docket of pending cases is substantial, and the Court must act first on those matters that have been pending the longest.

It appears that the delay in this instance may have been occasioned by Petitioner's filing of petition for writ of mandate in the Ninth Circuit Court of Appeals and/or an inadvertent administrative lapse within the Office of the Clerk of the Court. On October 1, 2007, a copy of Petitioner's petition for writ of mandate was filed in this Court. (Doc. 5). The petition for writ of mandate was directed to the Ninth Circuit Court of Appeals, and was decided on December 27, 2007, when the Ninth Circuit Court of Appeals issued an order denying the petition. (Doc. 12). A copy of the Ninth Circuit Court of Appeals' order denying the petition was filed with this Court on January 2, 2008. (Doc. 12). Normally, the Clerk's office serves a copy of this Court's order directing the respondent to file a response within sixty days, along with a copy of the petition, when the order to respond is issued, thus enabling the respondent to enter an appearance and prepare to file a response. However, it appears that in this instance that did not happen, and Respondent was not notified of the Court's order to respond (Doc. 6) when it was issued, or during the time that Petitioner's petition for writ of mandate was pending in the Ninth Circuit Court of Appeals.[1] On January 4, 2008, after Petitioner's petition for writ of mandate was decided by the Ninth Circuit Court of Appeals, the Clerk of Court served Respondent with the Court's order to respond (Doc. 6) and the instant petition (Docs. 10, 11). At that point, the briefing schedule was modified and the deadlines re-set to reflect that the new date for Respondent to file his response was now sixty days from January 4, 2008, or March 4, 2008.

To the extent that Petitioner's three motions actually do request a summary grant of the instant petition, such a demand is without merit. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. In <u>Townsend v. Sam</u>, 372 U.S. 293, 312 (1963), the Court stated as follows:

---

[1] (<u>See</u> docket, generally).

1  "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention
2  violates the fundamental liberties of the person, safeguarded against state action by the Federal
3  Constitution." The same is true of federal prisoners.  The burden to show that he is in custody in
4  violation of the Constitution of the United States is on Petitioner.  An inadvertent administrative
5  lapse of the Clerk's office does not relieve Petitioner of this burden of proof.  The Court is still
6  obligated to hear the case on the merits.

      Insofar as Petitioner's motions request a response from Respondent, each of them is moot.
The Court has previously ordered Respondent to file an answer to the claims in the instant petition
and a response is expected by March 4, 2008.

**ORDER**

Accordingly, the Court HEREBY ORDERS the following:

1. The show cause motion (Doc. 4), is DENIED;

2. The motion for expedited ruling (Doc. 9) is DENIED; and

3. The motion to show cause why a writ has not issued (Doc. 14) is DENIED.

IT IS SO ORDERED.

Dated: **February 19, 2008**      /s/ **Theresa A. Goldner**
                                UNITED STATES MAGISTRATE JUDGE