UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. MARKS,<br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY A. WRIGLEY, Warden<br>　　　　　　　　　　Respondent. | NO. 1:07-CV-00966-WWS<br><br>**ORDER DENYING IN PART<br>AND GRANTING IN PART<br>§ 2241 PETITION** |

Richard E. Marks, a federal prisoner proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Marks was convicted by a jury in 2005 of one count of conspiracy to defraud, one count of conspiracy to commit mail and wire fraud, twenty-three counts of aiding and assisting the filing of materially false income tax returns, ten counts of mail fraud, and nine counts of wire fraud "arising from his involvement in . . . an organization that created, promoted, and implemented schemes to assist U.S. taxpayers in the evasion of their income tax liabilities and that also defrauded its own clients." *United States v. Marks*, 530 F.3d 799, 803, 805 (9th Cir. 2008). In his § 2241 Petition, Marks challenges the Inmate Financial Responsibility Program ("IFRP") and contends that the sentencing court failed to set a restitution schedule. The court denies the Petition in part, grants the Petition in part, and directs the sentencing court to set a restitution schedule.

**I. Background**

On April 22, 2005, the district court sentenced Marks to fifteen years imprisonment, three years supervised release, and ordered Marks to make restitution in the amount of $42,311,742.00,

and pay a fine of $25,000, assessment of $4,400, and the cost of prosecution of $66,488. Opp'n, Ex. 2 at 3–7. Marks timely appealed his conviction and sentence. *Marks*, 530 F.3d at 805.

While his appeal was pending, the sentencing court modified its judgment on October 20, 2005, reducing the amount of restitution to $30,738,395.28, and removing some of the conditions of supervised release. Opp'n, Ex. 3 (Amended Judgment) at 6. The sentencing court ordered payment "due immediately" and that any unpaid amount "shall be paid [] [d]uring the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." *Id*. at 8.

The IFRP is a Bureau of Prisons ("BOP") program that "applies to nearly all post-trial inmates in federal facilities," *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008), and "encourages each sentenced inmate to meet his or her legitimate financial obligations," 28 C.F.R. § 545.10. The prison staff develops a financial plan for each inmate and monitors the inmate's progress. *Lemoine*, 546 F.3d at 1047; 28 C.F.R. § 545.11. "An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences." *Lemoine*, 546 F.3d at 1047. These consequences include not receiving certain benefits, such as furlough, pay beyond the maintenance pay level, assigned work detail outside the prison, a higher commissary spending limit, placement in a community-based program, or a release gratuity. 28 C.F.R. § 545.11(d); *see Lemoine*, 546 F.3d at 1047, 1049.

After Marks began his sentence, he enrolled in the IFRP in November 2005 and agreed to pay $25.00 per quarter beginning in March 2006. Opp'n, Ex. 6. Marks was placed in IFRP "refusal status" because he had insufficient funds to make his first $25.00 payment in March

2

2006. Opp'n, Exs. 4 & 7. Marks filed his § 2241 Petition on July 6, 2007, challenging the IFRP and contending that the sentencing court failed to set a restitution schedule.

In his direct appeal, Marks argued that he did not receive a fair trial, the restitution order was entered more than 90 days after sentencing, the district court's *ex parte* entry of the restitution order violated his right to be present and his right to speak on his behalf, the district court erred in failing to *sua sponte* examine Marks's competence to stand trial, and Marks did not waive his right to counsel. *Marks*, 530 F.3d at 803. On June 13, 2008, the Ninth Circuit affirmed Marks's conviction, sentence, and judgment. *Id*. at 817. The Ninth Circuit did not address the amended judgment's restitution schedule.

## II. Discussion

Marks's claims are proper under § 2241 because they concern the manner, location, or conditions of the execution of his sentence, not the underlying conviction or sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *Lemoine*, 546 F.3d 1042 (§ 2241 petition challenging the IFRP). The Antiterrorism and Effective Death Penalty Act of 1996 does not apply to § 2241 habeas petitions.

At the time Marks filed his Petition, he was incarcerated at the Taft Correctional Institute, in Taft, California, which is located within the jurisdiction of this court. 28 U.S.C. § 2241(a); *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). Marks was subsequently transferred to the Federal Correctional Institution Low in Forrest City, Arkansas. The court retains jurisdiction "because 'jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.'" *Francis v.*

*Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).

Marks's first two grounds for habeas relief challenge the IFRP. Marks challenges his placement on IFRP refusal status and claims that the regulations do not authorize the BOP to "punish" Marks for his refusal to participate in the IFRP. In his final ground for habeas relief, Marks contends that the sentencing court failed to set a restitution schedule as required. Marks's Br. 14 (citing *United States v. Gunning* (*Gunning II*), 401 F.3d 1145 (9th Cir. 2005)); Pet. at 4; *see also* Pet. at 3, 6. As the government concedes, Marks has exhausted his administrative remedies. Opp'n 3; Exs. 4 & 5.

**A. Challenges to the IFRP**

Marks challenges his placement on IFRP refusal status for his refusal to voluntarily make payments under the restitution order. Marks claims that because the IFRP is a voluntary program, the imposition of measures under 28 C.F.R. § 545.11 for non-participation in the IFRP constitutes an unlawful punishment. Marks also appears to challenge the delegation of authority to the BOP to collect restitution payments from inmates. *See* Pet. at 3

The Ninth Circuit recently upheld the IFRP in *Lemoine*, 546 F.3d 1042. The Ninth Circuit held that "the BOP's operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments." *Id*. at 1046. The Ninth Circuit further held that participation in the IFRP is not involuntary because a prisoner does not have a "preexisting right to receive any of the benefits conditioned on his participation" in the IFRP. *Id*.; *see id*. at 1049. The IFRP does not implicate a prisoner's constitutional rights. *Id*. at 1049. The consequences for a prisoner who refuses to participate in the IFRP are "reasonably related to the legitimate

4

penological interest of rehabilitation," "do not infringe on any constitutionally-protected liberty interest," and do not invoke a petitioner's liberty interest. *Id*. at 1046, 1049–50.

Marks's challenges to the IFRP, therefore, fail under *Lemoine*. The court denies these claims for habeas corpus relief.

### B. Restitution Schedule

Marks contends that the sentencing court failed to set a restitution schedule. Marks's Br. 14 (citing *Gunning II*, 401 F.3d 1145); Pet. at 4, 3, 6. In its amended judgment, the sentencing court ordered that payment was "due immediately" and that any unpaid amount "shall be paid [] [d]uring the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." Opp'n, Ex. 3 at 8.

The sentencing court ordered the same restitution during incarceration that the Ninth Circuit found to be an improper delegation in *Gunning II*, 401 F.3d at 1150. There, on remand, the district court ordered restitution due immediately and ordered that any unpaid amount was to be paid (1) during imprisonment through the BOP's IFRP; and (2) during supervised release in monthly installments of not less than ten percent of the prisoner's gross income. *Id*. at 1147. The Ninth Circuit held that the district court appropriately set a restitution schedule for the supervised release portion of the sentence, but improperly delegated its authority to set the restitution schedule for the incarceration portion of the sentence to the BOP. *Id*. at 1150. The Ninth Circuit concluded that "there is no set schedule" for the incarceration portion of the sentence where the district court ordered that any unpaid amount was to be paid during imprisonment through the BOP's IFRP. *Id*.; *cf. Lemoine*, 546 F.3d at 1044, 1050 (concluding that the district court properly set a restitution schedule where it ordered that the prisoner pay

5

restitution during his imprisonment "at the rate of not less than $25 per quarter, and pursuant to the [BOP's IFRP]"). Therefore, under *Gunning II*, the sentencing court improperly delegated its authority to set the restitution schedule to the BOP where it failed to set a specific repayment schedule. The court grants this claim for habeas relief and directs the sentencing court to set a restitution schedule.

The court notes that unlike the amended judgment, in its original judgment, the sentencing court set a restitution schedule and did not improperly delegate its authority. The sentencing court originally ordered payment "due immediately" and that any unpaid amount "shall be paid [] [d]uring the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of not less than 25% of the defendant's gross monthly income." Opp'n, Ex. 2 at 9.

Marks also appears to argue that the sentencing court failed to conduct a hearing when entering its final restitution order. The Ninth Circuit rejected Marks's related argument that the district court's *ex parte* entry of the restitution order violated Marks's right to be present and his right to speak on his own behalf. *Marks*, 530 F.3d at 813. The Ninth Circuit found harmless error even assuming, without deciding, there was a violation of Marks's rights. *Id*. Marks's arguments, therefore, also fail here.[1]

Marks's other contentions are meritless. The court also notes that the amended judgment identifies each victim with the corresponding amount of restitution owed. Opp'n, Ex. 3 at 10–14.

---

[1] To the extent that Marks also challenges the timeliness of the sentencing court's restitution order, *see* Pet. at 7, the Ninth Circuit held that the sentencing court's error in entering the amended judgment 90 days after sentencing was harmless. *Marks*, 530 F.3d at 811–12.

**III. Conclusion**

For the reasons stated above, Marks's Petition for a Writ of Habeas Corpus is **DENIED** in part and **GRANTED** in part. The court directs the sentencing court to set a restitution schedule.

IT IS SO ORDERED.

DATED: April 28, 2009

                                               **/s/ William W Schwarzer**
                                               Hon. William W Schwarzer
                                               United States District Judge